Nahum Morrill, in equity,

*vs.*

Charles A. Everett, and another.

Piscataquis.    Opinion April 6, 1891.

*Equity.   Redemption of lands sold on Execution.   Possession.   Legal Title.   R. S., c. 76, § 42; c. 77, § 6; c. 84, § 31.*

Jurisdiction in equity is conferred by statute for the redemption of lands sold on execution the same as for the redemption of estates mortgaged, and the actual possession by the plaintiff of the lands sought to be redeemed, is not a necessary prerequisite to the maintenance of his bill.

Courts in equity consider equitable rights and award equitable relief. With legal titles they have no occasion to deal. In controversies over them there is a plain and adequate remedy at law. It is only where equities are equal that the law shall prevail.

Where the defendant's title under a sale of lands on execution within the time

limited by statute is subject to redemption, and the plaintiff is shown to be, at least, the equitable owner of the land sought to be redeemed, and when he has seasonably tendered the defendants, the amount of their purchase money, charges and interest, *Held*; on a bill to redeem, that their equities are extinguished, and the plaintiff's equity thereafterwards, being superior, is entitled to be upheld and protected as against the defendants' claim. Whether the plaintiff has a legal title to the land, it is unnecessary in these proceedings to consider.

ON REPORT.

This was a bill in equity brought by the plaintiff as owner of certain lands in Mayfield, Somerset County, to redeem the same from execution sale. The sale was made December 17, 1886, on an execution against Mayfield, and in favor of Greenville, Piscataquis County, under R. S., c. 84, § §30, 31, which provides that "all executions or warrants of distress against a town shall be issued against the goods and chattels of the inhabitants thereof, and against the real estate situated therein, whether owned by such town or not," . . . "and where the names of the proprietors are not known, he (the officer) shall publish the numbers of the lots, or divisions of said lands," . . . "He shall give a deed to the purchaser of said land in fee, expressing therein the cause of the sale." . . . "The proprietor of the land so sold may redeem it within a year after the sale," &c. . .

At the sale, the defendant, Everett, bid off the lots in controversy, and afterwards conveyed one undivided half to the other defendant. A tender was made to the defendants, for the purpose of redeeming the lots from this sale, on December 9, 1887; which being refused, a bill was brought and filed April 9, 1888.

The principal question at issue was one of title. The plaintiff claimed title under two deeds; one from Adams, dated August 25, 1873, who derived title by deed from the selectmen and treasurer of the town of Mayfield, dated December 30, 1865, made in pursuance of a vote of the town passed at a meeting held previously; and the other from the trustees of the ministerial and school funds of the town, dated September 30, 1873; and is a warranty deed. It also appeared that, by a resolve of the legislature, approved March 3, 1874, the land agent was authorized to convey to the town of Mayfield such interest as the state had in

the lots; and on October 2, 1874, he made a conveyance to the town agreeably to the resolve.

The defendants relied upon the judgment in favor of Greenville against Mayfield, and the sale of the lots on the execution. They also denied the tender.

The plaintiff, in his brief, admitted that there is no record of the location of public lots in Mayfield, to be found either in the state land-office, or in the registry of deeds in Somerset County; he introduced a plan identified as being in the hands of the late Abner Coburn, a former proprietor of lands in the town, as early as 1850. Mayfield was incorporated as a town in 1836. On this plan the lots in question are marked "Public Lots." The plaintiff offered further proof showing that the lots had been known as public lots for forty years; that the town had been in possession of them and occupied them during that time, selling stumpage as early as 1854, and continuing so to do until the sale to Adams in 1865; that he and his grantors since 1854, a period of thirty-six years, had been in actual occupation without interruption; and that there were, in 1854, well-marked and defined lines around the lots, &c.

*Merrill and Coffin*, for plaintiff.

As the statutes stood prior to 1830, public lots might be located, in unincorporated places, by proprietors, without the location being recorded. The township was part of the Bingham Purchase E. K. R. in 1790, hence the testimony offered would be all the evidence of location we should be likely to have. It can not be shown by living witnesses present at the specific allotment. The presumption is that the town and its officers had possession rightfully and lawfully, all others yielding to their claim.

The lots could not have been known as public lots by chance or accident. Evidence establishes a location by the proprietors. *Hedrick* v. *Hughes*, 15 Wall. 123; *State* v. *Cutler*, 16 Maine, 349; *Dillingham* v. *Smith*, 30 Id. 370. Deed from land agent inures to plaintiff.

*Henry Hudson*, for defendants.

Plaintiff not being in possession can not maintain his bill.

*Gammage* v. *Harris*, 79 Maine, 531 ; *Russell* v. *Barstow*, 144
Mass. 130. He has a plain and adequate remedy at law. Tender,
if sufficient, revests property without a deed. *Legro* v. *Lord*,
10 Maine, 161. Question of title can not be settled in equity.
*Robinson* v. *Robinson*, 73 Maine, 170 ; *Lewis* v. *Cocks*, 23
Wall. 466 ; *White* v. *Thayer*, 121 Mass. 226 ; *Boardman* v.
*Jackson*, 119 *Id.* 161 ; *Spofford* v. *R. R.* 66 Maine, 53 ; *Clouston*
v. *Shearer*, 99 Mass. 211 and cases cited. Plaintiff must prove
that the public lots have been located as the law provided. Plan
no evidence of this. Statute proceedings must be strictly
followed. *Argyle* v. *Dwinel*, 29 Maine, 46. No title passed
by deed to Adams ; the reserved lots had not been located and
could not be conveyed in severalty ; town had no authority to
vote the conveyance. *Warren* v. *Stetson*, 30 Maine, 231.
State had no interest in the land after Mayfield, in 1836, was
incorporated, and no title passed under land agent's deed. Deed
of trustees, &c., dated September 30, 1873, void, because town
meeting was not held on the day named in warrant ; treasurer
gave no bond ; trustees no power to authorize conveyance, in
severalty, of lots not located. No title acquired by possession
as case shows the lots are wild land.

HASKELL, J. Bill in equity to redeem lands sold on execution
under R. S., c. 76, § 42, the amount for which the lands were
sold, together with necessary charges and interest, having been
seasonably tendered to the defendants, one being the purchaser
at the sale, and the other his grantee of an undivided fraction of
the same.

I. It is objected that the court has no jurisdiction of the
subject-matter, and especially, because the plaintiff, at the time
of bringing his bill, was not and never had been in possession
of the lands.

Revised Statutes, c. 77, § 6, confers jurisdiction in equity
"for redemption of estates mortgaged." R. S., c. 76, § 42,
under which the lands in question were sold, provides for their
sale, as "rights of redeeming real estate mortgaged are taken on
execution and sale," and "the same right of redemption from
such sales ;" so that jurisdiction in equity over the subject-
matter of this bill is expressly given by statute.

The actual possession of the lands by plaintiff, at the time of bringing his bill to redeem, is not required by law as a prerequisite thereto. The rights of the parties to this suit are the same as mortgagor and mortgagee ; and it has always been held that the former, although not in possession of the land, might maintain his bill to redeem against the latter. *Parsons* v. *Welles*, 17 Mass. 419 ; *McQuesten* v. *Sanford*, 40 Maine, 116 ; *Pratt* v. *Skolfield*, 45 Maine, 386 ; *Crooker* v. *Frazier*, 52 Maine, 405 ; *Stinchfield* v. *Milliken*, 71 Maine, 567.

II. It is objected that the plaintiff has no title to the lands and therefore has no right to redeem.

Courts of equity consider equitable rights and award equitable relief. With legal titles they have no occasion to deal, for, in controversies over them, there is a plain and adequate remedy at law. It is only where equities are equal that the law shall prevail.

The land sought to be redeemed is a portion of the lands reserved for public uses in the town of Mayfield. These lands are not shown to have been set apart in severalty by any statute or other proceeding, although certain specific lots seem to have been recognized and dealt with as public lots for more than half a century. The defendants claim under a sale on execution against the inhabitants of Mayfield, levied upon certain of these public lots, the proprietors of which are stated in the officer's return to be unknown. Their title is, therefore, obtained under R. S., c. 84, § 31, and c. 76, § 42, subject to redemption, within one year, as in cases of estates mortgaged.

The plaintiff appears to be, at least, the equitable owner of the lands he seeks to redeem. When the defendants were seasonably tendered or paid the amount of their purchase money with necessary charges and interest, their equity in the premises was extinguished and the plaintiff's equitable right to redeem became the superior equity, that should give him relief in this cause. Whether his title at law is sufficient to recover the land from a disseizor, it is now unnecessary to decide.

III. The sufficiency of the tender is denied ; but the evidence clearly proves it. The money was paid into court with the filing

of this bill, and can be taken out by the defendants at their
pleasure.

> *Bill sustained with costs.    Defendants*
> *to release to the plaintiff.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE,
JJ., concurred.